1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9
10
11

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | Case No.: C-12-02707 JCS |
| Plaintiff, | **ORDER GRANTING MOTION FOR REMAND TO STATE COURT AND DENYING PLAINTIFF'S REQUEST FOR ATTORNEYS FEES AND COSTS [Docket No. 9]** |
| v. | |
| SUE LIN POH, | |
| Defendant. | |

**I.      INTRODUCTION**

        Plaintiff Federal National Mortgage Association initiated this unlawful detainer action on

March 28, 2012 in Sonoma County Superior Court, Santa Rosa Branch.  Defendant Sue Lin Poh,

proceeding pro se, removed this action to federal court on May 25, 2012.  Presently before the Court

is Plaintiff's Motion for Remand to State Court ("Motion") and Request for Attorneys Fees and

Costs ("Request for Fees and Costs").  Defendant has not filed an opposition to the Motion.  The

Court finds that the Motion is suitable for disposition without oral argument pursuant to Civil Local

Rule 7–1(b).  Accordingly, the hearing on the Motion set for Friday, September 7, 2012 at 9:30 a.m.

*United States District Court*
*Northern District of California*

is VACATED. For the reasons stated below, the Court GRANTS Plaintiff's Motion to Remand and DENIES Plaintiff's Request for Fees and Costs.[1]

## II.    BACKGROUND

### A.    The Complaint

In the Complaint, Plaintiff alleges that it purchased property located at 805 Vineyard Place, Petaluma, California 94954 at a foreclosure sale on February 14, 2012. Complaint ¶¶ 2-3. Plaintiff alleges that Defendant has occupied the premises since the foreclosure sale without the consent of Plaintiff. *Id.* ¶ 5. On March 20, 2012, Plaintiff caused to be served on Defendant a three-day Notice to Quit ("Notice to Quit"). *Id.* ¶ 6. The Notice instructed Defendant to deliver possession of the premises to Plaintiff within three days after service of the Notice. *Id.* Plaintiff alleges that Defendant failed to comply with the Notice. *Id.* ¶ 7. Plaintiff seeks immediate possession of the property and damages for the reasonable value of Defendant's use and occupancy from the date of the expiration of the Notice to Quit, which Plaintiff alleges is $60.00 per day. *Id.* ¶¶ 8-9. The Complaint states on the face page that the amount demanded "is less than $10,000." The Complaint contains a single state law cause of action for unlawful detainer.

### B.    Defendant's Notice of Removal

On May 25, 2012, Defendant removed this action to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1331 and 1441. Notice of Removal at 2. Defendant contends that "[f]ederal question jurisdiction exists because Defendants' demurrer, a pleading depend [sic] on the determination of Defendants' rights and Plaintiff's duties under federal law." *Id.* at 3.

## III.    ANALYSIS

### A.    Legal Standard Governing Removal

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

United States District Court
Northern District of California

1   and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original

2   jurisdiction may be based on diversity or the existence of a federal question, as set forth in 28 U.S.C.

3   §§ 1331 and 1332.

4        Federal question jurisdiction is found only where a federal question appears on the face of a

5   properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This rule

6   makes the plaintiff the master of his claim in that the plaintiff may avoid federal jurisdiction by

7   exclusive reliance upon state law. *Id.* Further, whether a case arises under federal law does not

8   depend upon matters raised in the answer or in counterclaims. *Holmes Group, Inc. v. Vornado Air*

9   *Circulation Sys., Inc.*, 535 U.S. 826, 830-31 (2002).

10        Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), based on diversity, requires

11   complete diversity of citizenship and an amount in controversy in excess of $75,000. When an

12   action is removed based on diversity, complete diversity must exist at the time of removal. *Gould v.*

13   *Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986) (citing *Miller v. Grgurich*, 763 F.2d

14   372, 373 (9th Cir. 1985)). "If at any time before final judgment, it appears that the district court

15   lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

16        The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction."

17   *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal

18   jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

19   (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant

20   always has the burden of establishing that removal is proper." *Id.*

21        **B.**     **Whether There is Federal Subject Matter Jurisdiction**

22        Plaintiff asserts a single state law claim for unlawful detainer under California Civil Code

23   Section 1161 *et seq*. A plaintiff bringing an unlawful detainer claim is entitled to judgment upon

24   establishing that the property at issue was sold in accordance with California Civil Code section

25   2924 and that the requisite three-day notice to quit to defendant was served as required in California

26   Code of Civil Procedure Section 1161a. *Litton Loan Servicing, L.P. v. Villegas*, 2011 WL 204322,

27   at *2 (N.D. Cal. Jan. 21, 2011) (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 168 (1977))

28   (Hamilton, J.).

1    Thus, an unlawful detainer claim such as the one asserted by Plaintiff in this action does not

2    raise a federal question.  *See Litton*, 2011 WL 204322, at *2 (remanding unlawful detainer action to

3    state court based, in part, on lack of federal question jurisdiction); *Wells Fargo Bank, N.A. v. Dimas*,

4    2012 WL 1424803, at *3-4 (N.D. Cal. Apr. 24, 2012) (Spero, J.).  The Court finds no federal

5    question jurisdiction supporting removal.

6        As for diversity jurisdiction, as noted above, not only must there be complete diversity in

7    citizenship but also the amount in controversy must exceed $75,000.  *See* 28 U.S.C. § 1332(a).  The

8    Court finds that there is no diversity jurisdiction in this case because the amount in controversy is

9    less than $75,000.  In unlawful detainer actions, "the right to possession alone [is] involved – not

10   title to the property."  *Litton*, 2011 WL 204322, at *2 (quotations omitted).  Therefore, damages are

11   limited to the rental value of the property during the period of unlawful possession, that is $60/day

12   starting March 24, 2012.  *Id.*  As the damages sought were well below $75,000 when the action was

13   removed (and remain well below that amount at the present time), the Court finds that the amount in

14   controversy requirement is not satisfied.

15       Because the Court concludes that both federal question jurisdiction and diversity jurisdiction

16   are lacking, it grants the Motion to Remand based on lack of subject matter jurisdiction.

17   **C.       Whether Fees and Costs Should be Awarded**

18       Pursuant to 28 U.S.C. §1447(c), "[a]n order remanding the case may require payment of just

19   costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28

20   U.S.C. § 1447(c).  The Supreme Court has held that, "[a]bsent unusual circumstances, courts may

21   award attorney's fees under § 1447(c) only where the removing party lacked an objectively

22   reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees

23   should be denied."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  The Court in

24   *Martin* explained that "district courts retain discretion to consider whether unusual circumstances

25   warrant a departure from the rule in a given case."  *Id.*  In *Lussier v. Dollar Tree Stores, Inc.*, the

26   Ninth Circuit cautioned that "removal is not objectively unreasonable solely because the removing

27   party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is

28   granted."  518 F.3d 1062, 1065 (9th Cir. 2008).  Rather, the objective reasonableness of the removal

4

United States District Court
Northern District of California

1    depends on the clarity of the applicable law and whether such law "clearly foreclosed" the

2    defendant's arguments for removal.  *Id.* at 1066-67.

3         In determining whether to award attorneys' fees in cases involving improper removal by a

4    pro se defendant, courts accord significant weight to the defendant's lack of representation.  *See,*

5    *e.g., OneWest Bank, FSB v. Mohr*, 2010 WL 2721437 (N.D. Cal. July 7, 2010) (declining to award

6    fees despite untimely removal and suggestion of bad faith on basis that unrepresented status of

7    defendants constituted "unusual circumstances;" although it would have been "readily apparent" to

8    an attorney that removal lacked merit, these defendants did not have the "benefit of legal counsel");

9    *Szanto v. Szanto Revocable Trust of 1991*, 2010 WL 2280356 (N.D. Cal. June 7, 2010) (denying

10   motion for fees because defendant's mistake was "understandable" for a pro se litigant); *Citibank*

11   *N.A. v. Ortiz*, 2008 WL 4771932, at *2 (S.D. Cal. Oct. 28, 2008) (declining to award fees "in

12   consideration of Defendant's pro se status"); *J.P. Morgan Chase Bank v. Peterson*, 2005 WL

13   2334712, at *4 (E.D. Cal. Sept. 21, 2005) (noting court's earlier denial of fees on the basis of

14   defendant's lack of representation).

15        The Court declines to award fees and costs incurred as a result of  Defendant's improper

16   removal in light of the fact that Defendant is not represented by counsel.  Defendant is cautioned,

17   however, that the Court will impose sanctions if she improperly removes this action to federal court

18   in the future.

19   **IV.    CONCLUSION**

20        For the reasons stated above, the Court Plaintiff's Motion to Remand, and DENIES

21   Plaintiff's request for fees and costs.  Accordingly, the Court REMANDS this action case to the

22   Superior Court of the State of California, County of Sonoma – Santa Rosa Branch.

23        IT IS SO ORDERED.

24   Dated: August 28, 2012

25

26

27   _____
     JOSEPH C. SPERO
28   UNITED STATES MAGISTRATE JUDGE